

## U. S. Department of Justice

*United States Attorney*
*Northern District of Iowa*

---

111 Seventh Avenue, SE    319-363-6333
Box 1    319-363-1990 (fax)
Cedar Rapids, IA 52401-2101    319-286-9258 (tty)

April 19, 2016

Mr. Joseph Herrold
Assistant Federal Public Defender
400 Locust Street
Suite 340, Capital Square
Des Moines, IA 50309-9610

    Re:   *United States v. Landon Nathanson-Love, No. 16-CR-1011-1-LRR*

Dear Mr. Herrold:

This letter will serve as a memorandum of a proposed plea agreement between the United States Attorney's Office for the Northern District of Iowa and Landon Nathanson-Love, defendant. All references to the "United States" or "government" in this proposed plea agreement refer to the United States Attorney's Office for the Northern District of Iowa and to no other governmental entity. This plea offer will expire on April 20, 2016, at noon, unless otherwise extended by the government. **The government has made no prior plea offers in this case.**

### CHARGES AND PENALTIES

    1. **LL** Defendant will plead guilty to Count 1 of the Superseding Indictment filed on March 22, 2016. Count 1 charges Prohibited Person in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(3).

    2. **LL** Defendant understands that Count 1 of the Indictment is punishable by the following maximum penalties: (1) not more than 10 years' imprisonment without the possibility of parole; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of not more than 3 years. Defendant also understands that if the court finds defendant has three previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another, then pursuant to 18 U.S.C. § 924(e)(1), Count 1 is punishable by a mandatory minimum sentence of 15 years' imprisonment without the possibility of parole and the following maximum penalties: (1) not more than life imprisonment without the possibility of parole; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of not more than 5 years.

Government
Exhibit
1 (Plea)
Case
16-CR-1011-1

Mr. Joseph Herrold
United States v. Landon Nathanson-Love
April 19, 2016
Page 2

3. __LL__ Defendant understands restitution and a term of supervised release following incarceration may be imposed in addition to any other sentence. Defendant further acknowledges that, if defendant violates, at any time, any condition of supervised release, defendant could be returned to prison for the full term of supervised release and the Court is not required to grant credit for any amount of time defendant may have successfully completed on supervised release. Defendant also understands the U.S. Sentencing Guidelines will provide advisory guidance to the Court in determining a sentence in this case.

4. __LL__ At the time the guilty plea is entered, defendant will admit that defendant is guilty of the charge specified in Paragraph 1 of this agreement. After sentencing, the government will move for dismissal of any remaining counts. The U.S. Attorney's Office for this District will file no additional Title 18 firearms-related criminal charges based solely upon information now in our possession. If this office becomes aware of evidence of additional crimes warranting criminal prosecution, all information in our possession could be used in such a prosecution.

5. __LL__ Defendant understands and agrees defendant has the absolute right to plead guilty before a United States District Court Judge. However, if convenient to the Court, defendant agrees to waive and give up this right and to plead guilty before a United States Magistrate Judge. Defendant understands defendant will not be found guilty unless the United States District Court Judge accepts the plea of guilty or adopts a recommendation of the Magistrate Judge to accept such plea. Defendant agrees to execute the attached consent to proceed before the United States Magistrate Judge.

## NON-COOPERATION

6. __LL__ Defendant understands and concedes that, although defendant is not required by the terms of this plea agreement to testify before any Court or grand jury, the United States may take the prescribed actions under 18 U.S.C. § 6001, *et. seq.* or any other applicable provision of law to compel defendant's testimony. Defendant agrees that, if defendant refuses to testify after being granted immunity and ordered by the Court to testify, defendant may be found to be in contempt of court and may be punished in accordance with Federal Rule of Criminal Procedure 42 and 18 U.S.C. §§ 401 and 402. Further, the United States Attorney's Office shall be permitted to pursue any other action available to require defendant's testimony or punish defendant's refusal to testify subsequent to any order requiring defendant to testify. Defendant understands and agrees that, because defendant is not cooperating with the government, the United States will not recommend any decrease under §5K1.1 or any other provision of the United

States Sentencing Guidelines or under 18 U.S.C. § 3553(e) or any other provision of law.

## STIPULATION OF FACTS

7. **LL** By initialing each of the following paragraphs, defendant stipulates to the following facts. Defendant agrees these facts are true and may be used to establish a factual basis for defendant's guilty plea, sentence, and any forfeiture. Defendant has been advised by defendant's attorney of defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant waives these rights and agrees this stipulation may be used against defendant at any time in any proceeding should defendant violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the Court. Defendant agrees that the stipulation below is a summary of the facts against defendant and does not constitute all of the facts the government would be able to prove at trial and may be able to prove to the Court in accordance with this agreement.

   **LL** A. On May 29, 2015, defendant applied to the Dubuque County Sheriff, at Dubuque, Iowa, within the Northern District of Iowa, for a non-professional permit to carry weapons. On his written application form, defendant falsely stated that he was not "an unlawful user of . . . any controlled substance." In truth, defendant was an unlawful user of marijuana, a Schedule I controlled substance as defined in 21 U.S.C. § 802, throughout 2015 and until his arrest on February 16, 2016. Based in part on defendant's false statement, which defendant certified under penalty of law, the Dubuque County Sheriff issued defendant his requested non-professional permit to carry weapons on June 3, 2015.

   **LL** B. On February 15, 2016, using the aforementioned permit to carry, defendant purchased a firearm, namely, a Taurus Model TCP 738, .380 pistol, bearing serial number 17089E ("the firearm"), from Tony's Jewelry & Loan (TJ&L), in the City of Dubuque, Iowa, a licensed dealer of firearms. Defendant knowing made a false and fictitious statement to TJ&L, namely, the false statement on a Bureaus of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that he was not "an unlawful user of . . . marijuana" when, in truth, defendant was still an unlawful user of marijuana, a Schedule I controlled substance as defined in 21 U.S.C. § 802.

Mr. Joseph Herrold
United States v. Landon Nathanson-Love
April 19, 2016
Page 4

    _LL_ C. From about February 15, 2016, through about February 16, 2016, defendant possessed the firearm in Dubuque, Iowa, within the Northern District of Iowa.

    _LL_ D. The firearm was manufactured outside the State of Iowa before February 15, 2016. Therefore, prior to February 15, 2016, the firearm travelled in interstate commerce.

    _LL_ E. As indicated in Paragraph A above, at the time defendant possessed the firearm from about February 15, 2016, through about February 16, 2016, defendant was an unlawful user of marijuana, a Schedule I controlled substance as defined in 21 U.S.C. § 802.

## SENTENCING PROVISIONS

8. _LL_ Defendant understands and agrees to be sentenced based on facts to be found by the sentencing judge by a preponderance of the evidence and agrees facts essential to the punishment need not be (1) charged in the Indictment; (2) proven to a jury; or (3) proven beyond a reasonable doubt. Defendant agrees the Court will determine the appropriate sentence after considering a variety of factors, including: (1) the nature and circumstances of the offense and the history and characteristics of defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence to afford adequate deterrence to criminal conduct; (4) the need for the sentence to protect the public from further crimes of defendant; (5) the need for the sentence to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (6) the need to avoid unwarranted sentencing disparities among defendants with similar criminal records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. Defendant understands the Court will also consider the kinds of sentence and the sentencing range established by the United States Sentencing Guidelines for the applicable category of offense(s) committed by defendant and will consider any pertinent policy statements issued as part of the Guidelines. The Court will consider relevant adjustments under the United States Sentencing Guidelines, which will include a review of such things as defendant's role in the offense, criminal history, acceptance or lack of acceptance of responsibility, and other considerations. The Court may also consider other information including any information concerning the background, character, and conduct of defendant.

Mr. Joseph Herrold
United States v. Landon Nathanson-Love
April 19, 2016
Page 5

9. __LL__ During plea negotiations the parties may have discussed how various factors could impact the Court's sentencing decision and the determination of the advisory sentencing guidelines range. The parties agree, however, that discussions did not result in any express or implied promise or guarantee concerning the actual sentence to be imposed by the Court. Defendant understands the Court is not bound by the stipulations of the parties, nor is it bound by the sentencing range as determined pursuant to the sentencing guidelines. This plea agreement provides for no guarantee concerning the actual sentence to be imposed. Defendant further understands defendant will have no right to withdraw defendant's guilty plea if the sentence imposed is other than defendant hoped for or anticipated.

10. __LL__ The parties stipulate and agree the United States Sentencing Guidelines should be applied, at least, as follows:

- __LL__ A. **Firearm Offense Level (Chapter 2):** For Count 1, pursuant to USSG §2K2.1(a), the base offense level is at least 14.

- __LL__ B. **Acceptance of Responsibility (Chapter 3 adjustment):** The United States agrees for purposes of USSG §3E1.1(b) that defendant timely notified authorities of defendant's intention to enter a guilty plea.

- __LL__ C. **Criminal History (Chapter 4):** No agreement has been reached regarding defendant's criminal history. The parties reserve the right to contest the Probation Office's determination of defendant's criminal history and criminal history category under Chapter Four of the sentencing guidelines. In addition, defendant understands that, if defendant's criminal history would result in a higher base offense level under any guideline, the government is free to seek such a base offense level.

- __LL__ D. **Departure - USSG §5K1.1 and 18 U.S.C. § 3553(e):** The United States will not make a motion for downward departure under §5K1.1 or any other provision of the United States Sentencing Guidelines or under 18 U.S.C. § 3553(e) or any other provision of law.

- __LL__ E. No other agreements have been reached, and the parties are free to litigate any and all other applicable adjustments, departures, or cross-references under the United States Sentencing Guidelines, and

any variances of any kind from the advisory guideline range, in any amount, in either direction.

11. __LL__ Defendant, defendant's attorney, and the United States may make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, so long as the offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information and controlling authority to the Probation Office and Court for use in preparing and litigating adjustments, enhancements, or departures scored in the presentence report, including offering statements made by defendant at any time.

12. __LL__ The parties are free to contest or defend any ruling of the Court, unless otherwise limited by this agreement, on appeal or in any other post-conviction proceeding.

## CONDITIONS OF SUPERVISION

13. __LL__ If probation or a term of supervised release is ordered, the parties are free to seek whatever conditions they deem appropriate.

## POTENTIAL FOR DEPARTURE OR CREDIT

14. __LL__ Defendant understands and agrees the United States will not make a motion for downward departure under §5K1.1 or any other provision of the United States Sentencing Guidelines or under 18 U.S.C. § 3553(e) or any other provision of law.

## FINANCIAL MATTERS

15. __LL__ Defendant agrees to pay a special assessment of $100 as required by 18 U.S.C. § 3013. Defendant may pay the special assessment to the Clerk of Court by credit card or use the enclosed payment coupon. Defendant or defendant's representative will send or deliver the special assessment payment to the U.S. District Clerk of Court, 111 Seventh Avenue, SE, Box 12, Cedar Rapids, IA 52401. If defendant does not pay the Clerk of Court by credit card, payment must be in the form of a <u>money order</u> made out to the "U.S. District Clerk of Court." The special assessment must be paid before this signed agreement is returned to the U.S. Attorney's Office. If defendant fails to pay the special assessment prior to the sentencing, defendant stipulates that a downward adjustment for acceptance of responsibility under USSG §3E1.1 is not appropriate unless the Court finds defendant has no ability to pay prior to the sentencing.

Mr. Joseph Herrold
United States v. Landon Nathanson-Love
April 19, 2016
Page 7

## FORFEITURE

16. \_LL\_\_ Defendant agrees to forfeit and abandon any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's arrest and the search of the vehicle in which defendant was driving on February 16, 2016. Defendant also waives any right to additional notice of the forfeiture and abandonment of such property. Defendant stipulates this plea agreement constitutes notice under Local Criminal Rule 57.3(c) regarding the disposal of any exhibits or evidence related to this matter. Defendant understands that, from this date forward, any local, state, or federal law enforcement agency may take custody of and use, dispose of, and transfer these items in any way the agency deems appropriate.

17. \_LL\_\_ Defendant agrees to voluntarily disclose, forfeit, abandon, give up, and give away to the United States, or any law enforcement agency designated by the United States, prior to the date of sentencing herein, any right, title and interest defendant may have in property subject to forfeiture under the United States Code, including 18 U.S.C. § 922, 21 U.S.C. §§ 853 and 881, and 18 U.S.C. §§ 924, 981 and 982, and any right, title and interest defendant may have in the following items:

   A. all controlled substances that have been possessed in violation of federal law, all raw materials, products, and equipment of any kind that are or have been used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance in violation of federal law;

   B. all property that is or has been used or intended for use as a container for the items referred to in subparagraph A;

   C. all conveyances, including aircraft, vehicles, or vessels, that are or have been used, or are intended for use, to transport or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of items referred to in subparagraph A;

   D. all monies, negotiable instruments, securities, or other things of value, furnished or intended to be furnished by any person in exchange for a controlled substance in violation of federal drug laws, and all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used or intended to be used to facilitate any violation of federal drug laws;

  E. all real property, including any right, title, and interest in the whole of any lot or tract of land and any appurtenances or improvements used, or intended to be used, in any manner or part to commit or to facilitate the commission of any violation of a federal drug law that is a felony;

  F. any and all firearms and ammunition in defendant's care, custody or control during the time period of defendant's illegal conduct; and

  G. any other property deemed forfeitable under the provisions of 21 U.S.C. § 853 and/or § 881.

  H. all firearms, ammunition, destructive devices, silencers, weapons modification kits, and gunpowder seized on February 16, 2016. This specifically includes, but is not limited to, the following: a Taurus Model TCP 738, .380 pistol, bearing serial number 17089E, and any ammunition therein.

  I. all firearms, ammunition, destructive devices, silencers, weapons modification kits, and gunpowder presently in defendant's home, garage, place of business, rental storage facility, safety deposit box, or under defendant's control; and

  J. all firearms, ammunition, destructive devices, silencers, weapons modification kits, and gunpowder held by another person or entity for or at the request of defendant.

## GENERAL MATTERS

18. **LL** Defendant shall not violate any local, state, or federal law during the pendency of this agreement. Any law violation, with the exception of speeding or parking violations, committed by defendant will constitute a breach of this agreement and may result in the revocation of the entire agreement or any of its terms. Defendant or defendant's attorney shall notify this office within 48 hours if defendant is questioned, charged, or arrested for any law violation.

19. **LL** If defendant violates **any** term or condition of this plea agreement, in **any** respect, the entire agreement will be deemed to have been breached and may be rendered null and void by the United States. Defendant understands, however, the government may elect to proceed with the guilty plea and sentencing. These decisions shall be in the sole discretion of the United States. If defendant does breach this agreement, defendant faces the following consequences: (1) all

Mr. Joseph Herrold
United States v. Landon Nathanson-Love
April 19, 2016
Page 9

testimony and other information defendant has provided at any time (including any stipulations in this agreement) to attorneys, employees, or law enforcement officers of the government, to the Court, or to the federal grand jury may and will be used against defendant in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

20. LL  Defendant waives all claims defendant may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment to the Constitution. Defendant also agrees any delay between the signing of this agreement and the final disposition of this case constitutes excludable time under 18 U.S.C. § 3161 et seq. (the Speedy Trial Act) and related provisions.

21. LL  Any dismissal of counts or agreement to forego filing charges is conditional upon final resolution of this matter. If this agreement is revoked or defendant's conviction is ultimately overturned, the United States retains the right to reinstate previously dismissed counts and to file charges that were not filed because of this agreement. Dismissed counts may be reinstated and uncharged offenses may be filed if: (1) the plea agreement is revoked, or (2) defendant successfully challenges defendant's conviction through a final order in any appeal, cross-appeal, habeas corpus action, or other post-conviction relief matter. A final order is an order not subject to further review or an order that no party challenges. The United States may reinstate any dismissed counts or file any uncharged offenses within 90 days of the filing date of the final order. Defendant waives all constitutional and statutory speedy trial rights defendant may have. Defendant also waives all statute of limitations or other objections or defenses defendant may have related to the timing or timeliness of the filing or prosecution of charges referred to in this paragraph.

### ACKNOWLEDGMENT OF DEFENDANT'S UNDERSTANDING

22. LL  Defendant acknowledges defendant has read each of the provisions of this entire plea agreement with the assistance of counsel and understands its provisions. Defendant has discussed the case and defendant's constitutional and other rights with defendant's attorney. Defendant understands that, by entering a plea of guilty, defendant will be giving up the right to plead not guilty; to trial by

jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in defendant's defense; to remain silent and refuse to be a witness by asserting defendant's privilege against self-incrimination; and to be presumed innocent until proven guilty beyond a reasonable doubt. Defendant agrees defendant's attorney has represented defendant in a competent manner and has no complaints about that lawyer's representation. Defendant states defendant is not now on or under the influence of, any drug, medication, liquor, or other substance, whether prescribed by a physician or not, that would impair defendant's ability to fully understand the terms and conditions of this plea agreement.

23. **LL** Defendant acknowledges defendant is entering into this plea agreement and is pleading guilty freely and voluntarily because defendant is guilty and for no other reason. Defendant further acknowledges defendant is entering into this agreement without reliance upon any discussions between the government and defendant (other than those specifically described in this plea agreement), without promise of benefit of any kind (other than any matters contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. Defendant further acknowledges defendant's understanding of the nature of each offense to which defendant is pleading guilty, including the penalties provided by law.

24. **LL** Defendant further understands defendant will be adjudicated guilty of each offense to which defendant will plead guilty and will thereby be deprived of certain rights, including, but not limited to, the right to vote, to hold public office, to serve on a jury, and to possess firearms and ammunition. Defendant understands the government reserves the right to notify any state or federal agency by whom defendant is licensed, or with whom defendant does business, of the fact of defendant's conviction.

## VERIFICATION

25. **LL** This letter constitutes the entire agreement between the parties. No other promises of any kind, express or implied, have been made to defendant by the United States or its agents. No additional agreement may be entered into unless in writing and signed by all parties. The agreement will not be deemed to be valid unless and until all signatures appear where indicated below.

If this agreement is acceptable, please have your client indicate acceptance by placing initials on the line preceding each of the above paragraphs and by signing below where indicated. By initialing each paragraph and signing below, defendant acknowledges defendant has read, fully understands, and agrees to each paragraph

Mr. Joseph Herrold
United States v. Landon Nathanson-Love
April 19, 2016
Page 11

of this agreement. Please return all enclosures, completed and signed, with this signed letter to the U.S. Attorney's Office.

Please complete the enclosed Consent to Proceed Before the Magistrate Judge. This document is needed to allow the Magistrate Judge to receive defendant's guilty plea. After the signed Consent form and plea agreement are received, the government will ask the Court to schedule the guilty plea hearing.

Finally, please remember to pay the special assessment as agreed above.

Thank you for your cooperation.

Sincerely,

KEVIN W. TECHAU
United States Attorney

By, *Timothy L. Vavricek*

TIMOTHY L. VAVRICEK
Assistant United States Attorney

ENCLOSURES:
Special Assessment Payment Coupon
Abandonment Declaration
Consent to Proceed Before Magistrate Judge

The undersigned defendant, with advice of counsel, accepts the terms of this plea agreement. The undersigned Assistant United States Attorney accepts the terms of the executed plea agreement.

_Landon Love_ 04/20/16    _Timothy L. Vavricek_ 4/22/16
LANDON NATHANSON-LOVE   Date    TIMOTHY L. VAVRICEK   Date
Defendant                       Assistant United States Attorney

Mr. Joseph Herrold
United States v. Landon Nathanson-Love
April 19, 2016
Page 12

_____  4-20-2016
JOSEPH HERROLD                  Date
Attorney for Defendant