IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 2:16-cr-01011 |
| | ) | |
| v. | ) | |
| | ) | |
| LANDON NATHANSON-LOVE, | ) | DEFENDANT'S BRIEF IN SUPPORT OF |
| | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | |

**INTRODUCTION**

On April 25, 2016, the defendant, Landon Nathanson-Love, pled guilty, pursuant to a written plea agreement with the government, to count one of a six-count superseding indictment, charging him with being a marijuana user in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Mr. Nathanson-Love also agreed to forfeit his claim to the firearms and ammunition seized as part of the offense. The Court formally accepted the guilty plea that same day. Mr. Nathanson-Love had been arrested on February 17, 2016, and has remained detained during the proceedings in the case.

The presentence report drafter determined that Mr. Nathanson-Love's base offense level under the advisory sentencing guidelines is 14. (PSR ¶25). Because Mr. Nathanson-Love purchased and possessed 8 firearms while being a marijuana user, four additional levels were applied. (PSR ¶26). Mr. Nathanson-Love also receives a four level enhancement for trafficking firearms and possessing firearms in violation of another felony offense, here an Iowa carrying weapons offense, in violation of Iowa Code § 724.4. (PSR ¶¶27, 28). After applying a two-level enhancement for obstructive conduct, followed by a three level reduction for acceptance of

1

responsibility (PSR ¶¶31, 34, 35), and calculating his criminal history category as I, (PSR ¶41), the presentence report drafter found a total offense level of 25, and an advisory sentencing guideline range of 57 to 71 months of imprisonment. (PSR ¶66). The only remaining issues to resolve are the government's objection to the base offense level, where the government argues that the base offense level should be 20 for the offense involving a high capacity magazine, and the ultimate question of what sentence is "sufficient, but not greater than necessary" pursuant to 18 U.S.C. § 3553(a) under the circumstances of this case.

## ARGUMENT

### I. THE GOVERNMENT'S OBJECTION TO THE BASE OFFENSE LEVEL

The government argues that Mr. Nathanson-Love should be assessed a higher base offense level for allegedly possessing a firearm that is capable of accepting a high capacity magazine. There was one high capacity magazine recovered in this case, which was found with the Ruger 9E handgun that was found in the vehicle utilized by Cameron Pete, Reginald Shaw, and Heather Duffy in the Spruce Street Shooting. (PSR ¶9). Notably, Mr. Nathanson-Love never purchased a Ruger pistol, and the firearms he did purchase are reflected by the purchase forms discovered by law enforcement officials in this case. (PSR ¶6). While two of the firearms recovered from the vehicle were purchased by and registered to Mr. Nathanson-Love, the Ruger was not. (PSR ¶¶6, 9, 10). Neither Mr. Pete, Mr. Shaw, nor Ms. Duffy attributed the Ruger or the extended magazine to Mr. Nathanson-Love. Indeed, Mr. Shaw indicated that Mr. Pete had acquired the Ruger from another source. (PSR ¶10).

The government's argument for the increase in offense level, therefore, is based on the assertion of Katie Stackis in her grand jury testimony that she had, at some point, seen Mr. Nathanson-Love with a firearm that contained an extended magazine. (PSR ¶14). This is a

2

vague assertion, and whether her testimony is simply a mistake or a fabrication, it is not supported by any other evidence in the case. Absent some corroborating evidence or further detail to establish the reliability of the allegation, Ms. Stackis's bare assertion is not sufficient to warrant imposing the increased base offense level against Mr. Nathanson-Love.

## II. THE SENTENCE TO IMPOSE PURSUANT TO 18 U.S.C. § 3553(a).

Regardless of how the Court rules on the government's objection, the ultimate question in the case is what sentence is "sufficient, but not greater than necessary" for Mr. Nathanson-Love. He is a young man, only 23 years old. (PSR p. 2). He has minimal criminal history, which consists of juvenile probation when he was 17 for being under the influence of a controlled substance in public, and Fifth degree theft, offenses for which he was not adjudicated. (PSR ¶¶42, 43). His sole prior adult conviction is for driving while his license was suspended in February 2016, for which he was fined. (PSR ¶38). He has earned his General Equivalency Degree, and has taken some college coursework. (PSR ¶¶57, 58). He has worked as delivery driver, for a car dealership, and for a hotel, along with doing temporary jobs doing deliveries, working as a press operator, packaging, and in door and window production. (PSR ¶60). He intends to use his time in the Bureau of Prisons to learn about carpentry, electrical work, or welding, all of which should increase his earning capacity and career opportunities in the future. (PSR ¶59). He is originally from Milwaukee, Wisconsin, but now resides in Dubuque, Iowa, where he has a one-year-old daughter. (PSR ¶¶49, 51).

Mr. Nathanson-Love does not abuse alcohol, but does use marijuana. (PSR ¶¶54, 55). He was introduced to marijuana at age 17, and has used marijuana on a regular basis up until his arrest in this case. (PSR ¶55). Mr. Nathanson-Love recognizes that he has a problem with

marijuana, and has expressed that he believes substance abuse treatment would be beneficial for him during any time in the Bureau of Prisons, and while under supervised release. (PSR ¶56).

Indeed, Mr. Nathanson-Love's marijuana addiction and use is the reason he was prohibited from possessing firearms. (PSR ¶5). His use of marijuana rendered his acquisition of a permit, and subsequent purchase and possession of firearms, illegal at all times, and led to the imposition of two, separate four-level increases under the advisory sentencing guidelines: the enhancement for the number of firearms possessed in the offense under USSG §2K2.1(b)(1)(B), and an enhancement for possessing firearms in connection with the Iowa offense of carrying weapons under USSG §2K2.1(b)(6)(B), enhancements to which Mr. Nathanson-Love does not object. *See also United States v. Walker*, 771 F.3d 449, 451-52 (8th Cir. 2014).

Perhaps most importantly for the sentencing determination here, Mr. Nathanson-Love was not a participant in the Spruce Street shooting, as that crime was carried out by Mr. Pete, Mr. Shaw, and Ms. Duffy. Although Ms. Duffy alleges that Mr. Nathanson-Love was involved in that crime, her assertion is contradicted by the surveillance footage from the scene, and Mr. Shaw and Ms. Stackis's statements and testimony. (PSR ¶¶8, 10, 14). No such claim has been made by any other person involved in the case, and Ms. Duffy's claim that Mr. Nathanson-Love met with her at a mutual friend's residence on December 5th is contradicted by the fact that Mr. Nathanson-Love was at a hotel the night of the 4th through checkout time on the 5th, and that Ms. Duffy was arrested (along with Mr. Pete and Mr. Shaw) on that same day. *See* Def's Ex. A (hotel receipt); (PSR ¶9). Mr. Pete and Mr. Shaw certainly have ample incentive to implicate Mr. Nathanson-Love in the shooting, if were actually present, yet they did not do so. And it is difficult to imagine how the alleged meeting with Mr. Nathanson-Love could have occurred, given the aforementioned circumstances and timing of events occurring on December 5th.

While Mr. Nathanson-Love's offense is serious, the 57-month low-end of the advisory guideline range would be a sufficient punishment for him in this case. Though he has made some poor decisions, particularly in regard to his drug use, firearms, and people with whom he has associated, a longer sentence is not necessary to impose a just punishment that reflects the seriousness of Mr. Nathason-Love's offense in this case, particularly when weighed against Mr. Nathanson-Love's personal history and characteristics. The imposition of a 57-month sentence, combined with the collateral consequences that will follow him throughout the remainder of his life due to this federal felony conviction, are sufficient punitive measures to account for the aggravating circumstances of this case, and will promote respect for the law to both Mr. Nathanson-Love, and the general public. Such a sentence is ample punishment, with sufficient specific and general deterrent force, and the accompanying supervised release term will further ensure the public is protected while Mr. Nathanson-Love continues receiving any rehabilitative and correctional treatment he may still need after completing his term of imprisonment. No unwarranted sentencing disparity would result in sentencing Mr. Nathanson-Love to a 57-month term of imprisonment, and he respectfully requests that the Court impose such a sentence.

Respectfully Submitted,

*/s/ Joseph Herrold*
Joseph Herrold, Asst. Federal Defender
FEDERAL PUBLIC DEFENDER'S OFFICE
400 Locust Street, Suite 340
Des Moines, Iowa 50309-2353
PHONE: (515) 309-9610
FAX: (515) 309-9625
E-MAIL: joe_herrold@fd.org
ATTORNEY FOR THE DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2016, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

               */s/ Morgan Conn*, Paralegal